```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :
                                   :    INDICTMENT
          - v. -                   :
                                   :    15 Cr.
ELLIOT HALBERSTAM,                 :
                                   :    15 CRIM 825
          Defendant.               :
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ORIGINAL
DATE FILED: NOV 24 2015

## COUNT ONE

(Coercion and Enticement of a Minor to
Engage in Illegal Sexual Activity)

The Grand Jury charges:

1.  From at least in or about March 2015, up to and including at least in or about July 2015, in the Southern District of New York and elsewhere, ELLIOT HALBERSTAM, the defendant, willfully and knowingly, did use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years ("Victim-1") to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, HALBERSTAM used a computer and the Internet to persuade, induce, entice, and coerce Victim-1, a minor, to send images, videos, and live visual depictions of Victim-1 engaging in sexual activity to HALBERSTAM over the Internet.

(Title 18, United States Code, Section 2422(b).)

**JUDGE CARTER**

COUNT TWO

(Inducement of a Minor to Engage in Sexually Explicit Conduct)

The Grand Jury further charges:

2. From at least in or about March 2015, up to and including at least in or about July 2015, in the Southern District of New York and elsewhere, ELLIOT HALBERSTAM, the defendant, willfully and knowingly did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, to wit, among other things, HALBERSTAM took sexually explicit photographs of Victim-1, who during the time period was 16 years

2

old, and induced Victim-1 to send sexually explicit images of Victim-1 to HALBERSTAM by cellphone messages.

(Title 18, United States Code, Sections 2251(a), (e), and 2.)

## COUNT THREE

(Receipt of Child Pornography)

The Grand Jury further charges:

3. From at least in or about March 2015, up to and including at least in or about July 2015, in the Southern District of New York and elsewhere, ELLIOT HALBERSTAM, the defendant, knowingly did receive and attempt to receive material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, HALBERSTAM received by cellphone messages live video images sent from a minor under the age of 18 containing sexually explicit images of the minor.

(Title 18, United States Code, Sections 2252A(a)(2)(B), and (b)(1), and 2.)

## FORFEITURE ALLEGATION

4. As the result of committing the offenses alleged in Counts One through Three of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a): (1) any property, real or

3

personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (2) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property.

## SUBSTITUTE ASSET PROVISION

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253(b), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 1594 and 2253; Title 21, United States Code, Section 853.)

FOREPERSON

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ELLIOT HALBERSTAM,

Defendant.

INDICTMENT

15 Cr.

(18 U.S.C. §§ 2422(b); 2251(a) and (e);
2252A(a)(2)(B) and (b)(1); and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____ Foreperson.

11/24/15 - Filed Indictment
ae  Case assigned to J Carter
J Maas
USMJ